Filed 10/21/25  P. v. Gonzales CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F087965 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CRF73424) |
| DEVYN TAYLOR HENSLEY GONZALES, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  Kevin M. Seibert, Judge.

J. M. Malik, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Snauffer, J. and Ellison, J.[†]

[†]    Retired judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Appointed counsel for Devyn Taylor Hensley Gonzales (appellant) asked this court to review the record to determine whether there are any arguable issues on appeal. (See *People v. Wende* (1979) 25 Cal.3d 436.) Counsel filed an opening brief setting forth the case's relevant facts.

Appellant was advised of the right to file a supplemental brief within 30 days. More than 30 days elapsed, and we received no communication from appellant. Finding no arguable error that would result in a disposition more favorable to appellant, we affirm the judgment.

The following is a brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

Appellant was charged in this matter with one count of driving under the influence of an alcoholic beverage causing injury in violation of Vehicle Code section 23153, subdivision (a) and one count of driving with a 0.08 percent blood-alcohol content causing injury in violation of Vehicle Code section 23153, subdivision (b). Both counts included enhancements alleging appellant personally inflicted great bodily injury upon the victim (Pen. Code, § 12022.7, subd. (a)) and had a blood-alcohol content that was 0.15 percent or greater (Veh. Code, § 23578), as well as a sentencing enhancement alleging appellant injured a particularly vulnerable victim (Cal. Rules of Court, rule 4.421(a)(3)). Appellant pleaded not guilty and proceeded to trial.

At trial, the jury heard from several prosecution witnesses, including a percipient witness to the collision, the victim, and a responding officer. The jury learned that around 12:45 a.m. on October 23, 2023, the power was out at a stoplight controlling the intersection of Highway 108 and Fifth Avenue in Tuolumne County. A Caltrans employee was working to repair the outage and was present in a lane for traffic turning left from Fifth Avenue onto Highway 108. The employee was setting out cones and was wearing both a reflective vest and a helmet with flashing lights. His work truck, parked nearby, had a flashing bar of lights turned on.

2.

A silver car traveling along Highway 108 stopped at the intersection and then attempted to turn left onto Fifth Avenue. The car cut the corner of the intersection, driving at least partially in the lane intended for cars turning left onto Highway 108, and in doing so struck the Caltrans employee. The employee was knocked unconscious briefly and suffered a head injury that left a pool of blood in the right-turn lane, a location further from the center of the road.

Appellant was driving the silver car. She pulled to the side of the road and returned to help the injured employee. When police arrived on scene, an officer noticed appellant smelled of alcohol. Appellant denied drinking. A field sobriety test indicated signs of impairment, however. Appellant was arrested for driving under the influence, and a later blood test revealed her blood-alcohol content was 0.175 percent at the time of the blood draw.

At trial, appellant admitted to driving the silver car and striking the Caltrans employee. She also admitted to having two margaritas more than six hours before the collision and to cutting the corner of the intersection, although she claimed that phrase did not mean she drove in the oncoming turn lane, and asserted she was not impaired.

The jury ultimately convicted appellant of both charges and found true that appellant drove while having a blood-alcohol concentration of 0.15 percent or greater, appellant personally inflicted great bodily injury on the victim, and the victim was particularly vulnerable. After the trial, appellant's counsel learned that the percipient witness who testified at trial had prior arrests or convictions, including for filing a false or forged document and for driving under the influence. Counsel filed a motion for a new trial, claiming the People had an obligation to disclose these prior convictions. The People filed an opposition. After argument, the trial court denied the motion.

The trial court eventually gave appellant a suspended sentence, placed her on probation for five years, and ordered she serve 10 months in jail and pay certain fines and fees. This appeal timely followed.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to appellant.

## **DISPOSITION**

The judgment is affirmed.